IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID LAMAR JOHNSON, #255052, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:13-CV-710-TMH |
| ) | [WO] |
| ) | |
| KIM TOBIAS THOMAS, et al., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint and amendments thereto filed by David Lamar Johnson ["Johnson"], an indigent state inmate presently incarcerated at the Easterling Correctional Facility ["Easterling"]. In the instant civil action, Johnson challenges the constitutionality of his confinement in segregation and the adequacy of medical treatment provided to him since his transfer to Easterling.

**II. DISCUSSION**

Upon initiation of this case, Johnson filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). *Application to Proceed Without Prepayment of Fees - Court Doc. No. 2*. However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a

court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

The records of this court establish that Johnson, while incarcerated or detained, has on at least three occasions had civil actions dismissed pursuant to the provisions of 28 U.S.C. § 1915 as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants immune from suit. The actions on which this court relies in finding a § 1915(g) violation by the plaintiff are: (1) *Johnson v. Reno, et al.*, Case No. 2:95-CV-1107-ID (M.D. Ala. 1995) (complaint frivolous); (2) *Johnson v. Giles, et al.*, Case No. 2:09-CV-339-WKW (M.D. Ala. 2009) (complaint frivolous); and (3) *Johnson v. State of Alabama, et al.*, Case No. 1:10-CV-401-TMH (M.D. Ala. 2010) (complaint and appeal frivolous).

In the instant complaint, Johnson challenges his confinement in segregation at Easterling alleging that such confinement is without cause and asserts that during this confinement he has been denied various privileges afforded other inmates, subjected to harassment and denied access to the court, a claim completely undermined by the

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216.

2

proceedings in this action. Johnson also alleges that medical personnel have acted with deliberate indifference to his medical needs by failing to renew some of his medical profiles, refusing him distilled water for his C-PAP machine, depriving him of a walking cane and denying him prescriptions for Naproxen, Motrin and an iron supplement.

The medical records filed by Johnson as amendments to the complaint belie his medical treatment claim as these records indicate that he has access to medical treatment via the sick call process, is seen on a routine basis in the chronic care clinic for hypertension, hyperthyroidism and high cholesterol, and has been examined by health care personnel at Easterling regarding various health issues. The medical records also reflect that medical personnel have provided treatment to Johnson in accordance with their professional judgment, including providing him with medical equipment, special needs profiles, a wellness diet and prescriptions for numerous medications. *Plaintiff's Amendment to the Complaint (Medical Records) - Doc. No. 24-2* at 4-49 and *Doc. No. 24-3* at 1-45. The medical records likewise reflect that on several occasions Johnson has waived treatment or was a "no show" for scheduled sick call appointments. *Plaintiff's Exhibits Adopted as Amendment to the Complaint (Medical Records) - Doc. No. 24-2* at 7-15, 19-20, 25-27. With respect to Johnson's request for use of a walking cane, the radiological findings of an April 6, 2012 X-ray refute the necessity of a cane as they demonstrated a normal cervical spine with only "[m]ild osteoarthritis of the lumbar spine." *Plaitniff's Amendment to the Complaint (Exhibit D-2) - Doc. No. 46-7*.

3

After thorough review of the complaint and amendments thereto, the court concludes that these pleadings utterly and completely fail to demonstrate that Johnson was "under imminent danger of serious physical injury" at the time he filed this cause of action as is required to meet the exception to application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (An inmate who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must demonstrate a present "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g).). Based on the foregoing, the court concludes that Johnson's motion for leave to proceed *in forma pauperis* is due to be denied and that this case is subject to dismissal without prejudice as Johnson failed to pay the requisite filing fee upon initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he ***initiates*** the suit.").

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for leave to proceed *in forma pauperis* filed by David Lamar Johnson on September 30, 2013 (Doc. No. 2) be DENIED.

2. This case be dismissed without prejudice for the plaintiff's failure to pay the full

filing fee upon the initiation of this case.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **March 10, 2014**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 24th day of February, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE